F. Owen **BLACK**, M.D., and F. Owen Black, M.D., P.C., an Oregon professional corporation, Plaintiffs,

v.

**CONTINENTAL CASUALTY COMPANY**, an Illinois corporation, Defendant.

Civ. No. 90–1292–FR.

United States District Court, D. Oregon.

Feb. 13, 1991.

Don H. Marmaduke, Tonkon, Torp, Galen, Marmaduke & Booth, Portland, Or., for plaintiffs.

Joan O'Neill, Dunn, Carney, Allen, Higgins & Tongue, Portland, Or., for defendant.

OPINION

FRYE, District Judge:

The matter before the court is the motion of defendant, Continental Casualty Compa-

ny (Continental), to dismiss the complaint of plaintiffs, F. Owen Black, M.D. and F. Owen Black, M.D., P.C., for failure to state a claim (# 23).

## ALLEGATIONS OF THE COMPLAINT

Dr. F. Owen Black is a physician and surgeon who is board-certified in otolaryngology, a medical speciality dealing with diseases and disorders of the ear, nose and throat. Dr. Black specializes in neuro-otology, which deals with diseases and disorders of the ear, structures associated with the ear, and neural connections of the ear.

Dr. Black is licensed to practice medicine in the State of Oregon and in other states; has substantial grants from federal agencies for performing scientific research in his field; and has active staff privileges at Good Samaritan Hospital and Medical Center. Staff privileges at a hospital are essential to the retention and acquisition of grants, and professional liability insurance is a condition of eligibility for active staff privileges.

On or about July 1, 1990, Continental provided professional liability insurance coverage to Dr. Black effective from July 1, 1990 to October 1, 1990. The insurance policy provided: "Non–Renewal. If we decide not to renew this policy, 30 days advance written notice shall be mailed or delivered to you at the address shown in this policy. The notice shall include the reason for such non-renewal." Complaint, para. 10.

On August 29, 1990, Continental notified Dr. Black by letter that it would not renew his insurance policy after October 1, 1990. Continental gave no reason for its decision not to renew the policy. Dr. Black, through legal counsel, advised Continental that it was in breach of its legal requirements and demanded that the policy be renewed. On September 28, 1990, Continental renewed the policy to January 1, 1991. The policy as renewed contains the non-renewal provision as stated above.

On October 10, 1990, Continental notified Dr. Black in writing that the policy would not be renewed after January 1, 1991 because of "the increased risk associated with the controversial operations you have performed." Through counsel, Dr. Black requested that Continental inform him by mail of the dates, names of patients, and outcomes of any "controversial operations" that it contended he had performed. Continental did not respond and made no further statement as to the reason for its decision not to renew the policy.

Dr. Black filed this action against Continental alleging breach of contract and breach of the covenant of good faith and fair dealing on the grounds that Continental failed to properly investigate the purported basis for its decision not to renew the policy and gave him a false statement of the basis for its decision not to renew the policy.

## CONTENTIONS OF THE PARTIES

Continental contends that it has no statutory or contractual duty to provide an explanation to Dr. Black for its investigation and/or to reveal its motive for declining to renew the policy. Continental contends that all it must do is state the reason for declining to renew the policy. Continental argues that Dr. Black's allegation that the reason given is a false reason is a conclusory allegation unsupported by any facts, and that this conclusory allegation is not adequate to state a claim and entitle Dr. Black to conduct discovery.

Dr. Black contends that the allegation that the reason stated is a false reason is adequate to state a claim under notice pleading. Dr. Black argues that to give a false reason is to breach the terms of the contract which calls for a statement of "the" reason for non-renewal, and that he does not have to support the allegation that the stated reason is false with any facts.

In reply, Continental argues that if the court adopts Dr. Black's argument, he will be able to proceed with his claim without stating the factual basis for the claim. Continental contends that even under notice pleading, a plaintiff cannot proceed without stating the facts upon which he claims he is entitled to prevail.

## APPLICABLE LAW

For purposes of a motion under Fed.R. Civ.P. 12(b)(6), the court views the complaint in the light most favorable to the plaintiff and must generally accept as true the facts alleged. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981). The court should dismiss a complaint for failure to state a claim only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

## RULING

The court concludes that Dr. Black must allege some facts to support his allegation that the reason stated by Continental in its notice is false. The court finds that the complaint fails to state a claim.

Continental's motion to dismiss (# 23) is granted. Dr. Black is given leave to replead within thirty days.